**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MYRNA ALTHIA ALICIA WALKER,**

                                             **Plaintiff,**

        v.                                                                **1:20-CV-1337**
                                                                          **(TJM/CFH)**
**CIBC LIMITED,**

                                             **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                                    **DECISION and ORDER**

## I.    INTRODUCTION

        This case was before the Hon. Christian F. Hummel, United States Magistrate

Judge, for an initial review of plaintiff's complaint and other filings pursuant to 28 U.S.C. §

1915(e)(2)(B).  Judge Hummel recommends that plaintiff's complaint (dkt. no. 1) be

dismissed with prejudice; that plaintiff's "Emergency Motion for the Death Penalty" (dkt.

no. 5) be dismissed; and that plaintiff's letter motion to file exhibits under seal (dkt. no. 8)

be dismissed as moot.  *See* April 13, 2021 Report-Recommendation & Order, dkt. no. 10.

Plaintiff did not file objections directed to Judge Hummel's recommendations, and the time

to do so has expired.   Plaintiff did, however, file an amended complaint.  For the reasons

that follow, the Court adopts Judge Hummel's recommendations, and independently

reviews plaintiff's amended complaint and finds it fails to assert viable causes of action.

## II.   DISCUSSION

### a. Complaint

As Judge Hummel explains, plaintiff *pro se* Myrna Althia Alicia Walker purported to commence this action on October 28, 2020, by submitting a complaint and application to proceed in forma pauperis ("IFP") in lieu of paying the Court's filing fee. *See* Dkt. No. 1 ("Compl."); Dkt. No. 2.   On March 15, 2021, plaintiff submitted a supplement to her complaint. Dkt. No. 4.   On April 6, 2021, plaintiff submitted an additional filing entitled "Emergency Petition for the Death Penalty Against Adethia Keshia Fitten and Others on the Principle Found in the Law of Necessity." Dkt. No. 5.   On April 7, 2021, plaintiff submitted an additional 86 pages to supplement to her complaint. Dkt. Nos. 6, 7.   On April 8, 2021, plaintiff submitted additional exhibits and a letter requesting to file those exhibits under seal. Dkt. No. 8.

Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000, *et seq*.   On her form Title VII complaint, she indicates that defendant discriminated against her due to her race and color, religion, sex, and "my date of birth – Easter." Compl. at 2.   Plaintiff further indicates, through checking the boxes on the form complaint, that defendant terminated her employment, failed to promote, engaged in unequal terms and conditions of employment, retaliated against her, and "forced prostitution; [i]dentity theft, which is used to do Bank frauds & Poisonings." *Id.* Plaintiff's complaint, inclusive of exhibits, is 158 pages long. Dkt. No. 1.   The exhibits include an 80-page letter relating to apparent visa fraud that plaintiff sent to the US Department of Justice, the United States Department of Homeland Security, Immigration and Customs Enforcement, and the Federal Bureau of Investigation, as well as an incident

report dated May 29, 2019, regarding an apparent rape of plaintiff.

The supplement plaintiff filed on March 15, 2021 is 112 pages long. Dkt. No. 4. The supplement appears to be filings from a complaint plaintiff had before the Supreme Court, Rensselaer County against Unity House of Troy and Joseph Posa. *Id.* The "emergency motion," filed on April 4, 2021, is 22 pages long, with 70 additional pages of exhibits. Dkt. No. 5. These exhibits are (1) various transfer orders and orders of protection plaintiff either sought or obtained against various individuals in family court proceedings in different counties (dkt. no. 5-1); (2) a residential lease agreement from July 2018, for a property in Troy, New York, with landlord Joseph Posa (dkt. no. 5-2); (3) records from a proceeding before the Rensselaer County Supreme Court in a case captioned Myrna Althia Alicia Walker vs. "Change of Name" Heidi Elizabeth Zuach (dkt. no. 5-3); and (4) a lease agreement dated May 2, 2017, between Capital Group Management LLC and plaintiff for a property in Troy, New York (dkt. no. 5-4). The submission filed on April 7, 2021, is 59 pages long and includes various orders of protection, a USPS tracking number report, a Unity House Domestic Violence Services Transitional Housing Program Handbook, a form from the Rensselaer County Department of Social Services, earnings statements, a New York State incident report from 2018, an eviction notice, a letter from the Unity House Transitional Housing program, a "notice" letter, and a "birth registration" form. Dkt. No. 6-6. The exhibits filed on April 7, 2021 appear to be letters plaintiff sent to the New York State Department of Labor, United States Department of Homeland Security, Immigration and Customs Enforcement, and the EEOC, apparently related to "pandemic unemployment compensation benefits." *See* dkt. no. 7.

Plaintiff's complaint discusses Allison Carolyn Rattray, allegedly the Corporate

3

Secretary and Legal Counsel of defendant CIBC First Caribbean International Bank (Jamaica) Limited. Dkt. No. 1 at 3.  Plaintiff contends that Ms. Rattray kills unidentified people "with her married name" and drinks plaintiff's blood. *Id.*  Apparently, plaintiff contends that Ms. Rattray is or was her "employer" who "uses the drinking blood of the employee to kill employing the employment agreement and the incomes paid by direct deposit as the consideration for the blood that is drank before the killings and the doomings if [sic] innocent persons." *Id.* at 4.  Plaintiff also appears to suggest that Ms. Rattray and her husband, "Barrington Andrew Rattray, Senior Judge, The Commercial Division, The Supreme Court of Jamaica," forced plaintiff to use "illegal psychotropic medicines," cocaine, and alcohol. *Id.* at 5.  Plaintiff refers to an employment agreement she signed with Ms. Rattray in 1995 and appears to suggest that since that date, Ms. Rattray "has been stalking the Plaintiff inside her bedroom, bathroom mirror, on her cell phone from 1995 even until today October 20, 2020 even the bathroom staples [sic] has visual and audio devices inside of them." *Id.* at 6.  The Complaint then appears to proceed to explain why Ms. Rattray and her various family members are carrying out unspecified killings. *See generally* Dkt. No. 1.   Plaintiff further suggests that through her employment with defendant, both defendant and the Commercial Division of the Supreme Court of Jamaica

> has been using me as a sex doll; as sex services; as sex product also incorporating The University of the West Indies Hospital to do surgeries; using illegal force of The Jamaican police; using the illegal Force of the Jamaican Army; using the illegal force of the Jamaican parliament to have men from any where have sex with The Plaintiff because The Plaintiff was born on the day the crucifixion was celebrated, that is Easter and Good Friday.

4

*Id.* at 13.  Plaintiff asks the Court for

> an Injunction to stop, restrain and prevent Allison Carolyn Rattray (maiden name Smith), Corporate Secretary and Legal Counsel, CIBC First Carribean Jamaica; her husband, Barrington Andrew Rattray, Senior Judge, The Commercial Division, The Supreme Court of Jamaica, King Street, Kingston, Jamaica, West Indies Deryke Smith, her brother; Lacelles Smith retired lecturer The University of the West Indies, Jamaica, West Indies; and the Rhoda Ford children and others from practicing their religion in a way that results in the death or harm or injury of The Rights of The Plaintiff and or the mother of The Plaintiff and or the siblings of The Plaintiff; and or any member of The Public, which includes anyone in the global community.

*Id.* at 14.

> As for plaintiff's first cause of action, plaintiff lists:

> forced religion imposed on The Plaintiff whom is the employee by The Employer, CIBC Limited. The Forced Religion imposed on Myrna Althia Alicia Walker [] to kill innocent Persons. The daily murders of innocent Persons is used to supply the demands of the global organ Donor list. The staff is Allison Carolyn Rattray.

Dkt. No. 1 at 69.  As for a second cause of action is

> employment discrimination – I chose a career path to be an Attorney-At-Law. Allison Carolyn Rattray (maiden name Smith) my (former) then manager at CIBC had me fired; told me that (1) I am not worthy to be an Attorney-at-Law because of my Race (2) I was not worthy to be in the same Profession as her. She has been defaming my character ever since.

*Id.* at 70.  The third cause of action is listed as

> employment discrimination - compensation: denied increases in my salary verbally communicated to me by Ms. Cherlyn Blackman my Senior Manager of 3% in 2004; Denied Promotion communicated to me by Human Resources Regional Director, Jerime Cjnttihs-Bell; denied fringe benefits that accompanied my five (5) CIBC Achievers awards – my salary was split and part paid to my aunt.

*Id.*  In the prayer for relief, plaintiff requests:

> (1) an Injunction(s) for Criminal Indictment(s) of Allison Carolyn (Smith) Rattray, Corporate Secretary and Legal Counsel CIBC for her forced

> Prostitution of The Plaintiff and Others; (2) An Injunction to prevent and stop
> all Prostitution or abuse of The Plaintiff; (3) Restitution(s) by CIBC for lost
> Incomes and fringe benefits[; and] (4) Job Reference letter from CIBC and
> an apology and my land Title Deed.

*Id*. at 71.

Judge Hummel found (a) that plaintiff's complaint fails to meet the pleading

requirements of Fed. R. Civ. P. 8 and 10, *see* Dkt. 10 at 8-9; (b) plaintiff's claims under

Title VII (1) are barred by the statute of limitations, and (2) fail to state a claim for

employment discrimination in violation of Title VII, *see id.* at 9-10; and (c) apart from the

Title VII claims, "plaintiff's claims fail to state any cognizable legal claim under the United

States Constitution, federal statute, or state law, and ultimately fails [to] establish this

Court's jurisdiction under federal question or diversity jurisdiction." *Id.* at 10.  Judge

Hummel indicated that he was

> at a loss as to how the allegations in the complaint relate to a valid
> employment discrimination claim or any valid legal claim. Plaintiff presents a
> difficult to comprehend series of allegations against various individuals –
> many of whose connections to her apparent former employer is difficult, if
> not impossible, to comprehend – who she alleges forced her into prostitution,
> performed plastic surgeries on her against her will, installed "spying devices"
> into plaintiff's body, forced her to undergo various injections, and involved
> plaintiff in a murder scheme that is somehow related to her Easter birthday.
> *See* Dkt. No. 1 at 56-60. Plaintiff also sets forth unexplained allegations that
> appear to involve Ms. Rattray and others, such as "an abuse of a veteran of
> the United States Army by the said Allison Carolyn Rattray" (dkt. no. 1 at 54).
> Plaintiff submits dozens of pages of exhibits and supplements that appear to
> relate to cases filed in other courts, orders of protection obtained in other
> courts, unemployment insurance issues, police reports, and documents sent
> to various federal agencies. See dkt. nos. 4, 5, 6, 7. The relevance of this
> deluge of documents is entirely unclear.

*Id.* at 11.

Judge Hummel also concluded that to the extent plaintiff requests injunctions (dkt.

6

no. 1 at 71) to prevent defendant's employees from prostituting or harming plaintiff or seeks some kind of prosecution of defendant's employees for criminal conduct, this Court does not have authority to direct persons to cease engaging in illegal activity through a civil suit as it is not a law enforcement agency. *Id.* at 11-12.

As to plaintiff's "emergency motion" for the Death Penalty, Judge Hummel found that it appears to ask the United States Supreme Court to enforce the death penalty against various individuals who plaintiff contends engaged in "drug assisted surgeries on The Plaintiff herein to induce The Coronavirus ahead of the proposed mass vaccination of the US public, which is set for May 1, 2021[,]" implanting maggots into plaintiff's bones, releasing poisons into plaintiff's body, "install[ing] television" and "Netflix Television" into plaintiff's eye and spinal cord, "alter[ing]" plaintiff's "joints to make [her] walk in [sic] all four" to be "displayed as a naked dog on a lease [sic]," and other similar allegations. *See* Dkt. No. 5. Judge Hummel concluded that "this Court does not have the authority or jurisdiction to *sua sponte* impose the death penalty in a civil case nor can it seek the criminal prosecution of individuals or at the request of a plaintiff or decide the ultimate punishment if convicted after a criminal trial." Dkt. 10 at 12.

Judge Hummel concluded that although the Court must show special solicitude to *pro se* litigants, and is to exercise "extreme caution . . . in ordering sua sponte dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . . " *id.* at 14 (quoting *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir.1983) (internal citations omitted)), the Court also has a responsibility to determine that a claim is not frivolous before permitting a

7

plaintiff to proceed with an action *in forma pauperis*. *Id.*  Judge Hummel concluded:

> Even if, *arguendo*, the statute of limitations was not a jurisdictional bar and plaintiff had been able to establish this Court's jurisdiction, the undersigned would still recommend dismissal with prejudice on its initial review as plaintiff's complaint is "factually frivolous." *See Bennett v. Mnuchin*, 6:20-CV-243 (BKS/TWD), 2020 WL 1674068 (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a factually frivolous claim when the allegations are "clearly baseless," including claims that "describ[e] fantastic or delusional scenarios."); *Brown v. New York State Educ. Dept.*, 8:18-CV-169 (TJM/CFH), 2018 WL 1865547, at *2 (N.D.N.Y. Mar. 19, 2018) (dismissing *pro se* plaintiff's complaint with prejudice where "it is clear that no federal claim can be stated on these facts[.]"). Accordingly, the undersigned recommends dismissal with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as any leave to amend would be clearly futile.

*Id.* at 14.  As indicated above, Judge Hummel also recommends that plaintiff's "Emergency Motion for the Death Penalty" (dkt. no. 5) be dismissed, and that plaintiff's letter motion to file exhibits under seal (dkt. no. 8) be dismissed as moot.  *Id.* at 15.

After examining the record, this Court has determined that the recommendations in the Report-Recommendation and Order are not subject to attack for plain error or manifest injustice.  Further, even if plaintiff's amended complaint is treated as an objection, the Court has completed a *de novo* review and has determined to adopt Magistrate Judge Hummel's recommendations for the reasons stated in his report.

**b. Amended Complaint**

As indicated, plaintiff filed an amended complaint after Judge Hummel recommended that the complaint be dismissed with prejudice.  After a review of the amended complaint, the Court finds that it too must be dismissed with prejudice.

Plaintiff's amended complaint is a form Title VII complaint. *See* dkt. no. 11.  She

indicates that the defendant is "CIBC Limited/Michael Capatide CEO CIBC." *Id.* at ¶ 3(b).[1]

Plaintiff checks the boxes indicating that the defendant discriminated against her on

account of her "race or color," "religion," "sex (or sexual harassment)," "national origin,"

and "other" indicating on the line that follows: "my right to marry; my right to life; my right to

work and provide for my daily living expenses." *Id.* at ¶ 6.  Where plaintiff is asked to

indicate what the complained-of conduct involves, she checked the boxes for "failure to

employ," "termination of employment," "failure to promote," "unequal terms and conditions

of employment," "retaliation," and "other acts as specified below" after which she writes: "I

am being sex trafficked by CIBC First Caribbean staff in lieu of my salary." *Id.* at ¶ 7.  In

the section of the amended complaint asking for the facts underlying her claims, plaintiff

asserts she is being sex trafficked because she was born on Easter and that the sex

trafficking is in lieu of her salary paid to her by CIBC First Caribbean Jamaica."  *Id*. ¶ 8.

She also asserts that "the force" of the Jamaican Police, the Jamaican Judiciary, the

Jamaican Hospital, and the University of the West Indies are conspiring with her "Walker

relatives used to commit crimes with my identity using identity theft of Myrna Suzette

Walker employed by Jamaican government Judge Barrington Andrew Rattray & Allison

Carolyn Rattray." *Id.*  In addition, she asserts that "Adethia Keisha Fitten is physically

cutting me to create presumed consent for the crimes organized by Judge Barrington

Andrew Rattray." *Id.*

The First Cause of Action alleges "forced organized criminality using the salary that

was paid to the plaintiff by CIBC First Caribbean Jamaica January 1, 1995 to March 28,

---

[1]At paragraph 3(a) asking to identify the defendant, plaintiff writes: "Not Applicable"

2009."   It also asserts that Myrna Suzette Walker "is a thief," and that "Allison Carolyn Rattray . . .  hired Myrna Suzette Walker and her five (5) children and Adethia Keisha Fitten to steal and to say that the stealing was done by the plaintiff."  Plaintiff also appears to indicate that "to do the stealing," Myrna Suzette Walker "and others" repeatedly physically injure plaintiff.  As discussed by Judge Hummel, these allegations do not provide plaintiff with a timely Title VII cause of action, *see, e.g.,* Am. Compl. attach. 4, dkt. no. 11-4 at 1,[2] nor do they provide a basis for the relief plaintiff seeks. *See* Dkt. 11, at 5.[3]

The Second Cause of Action asserts violations of the "Human Rights Act of 1998." The Human Rights Act of 1998 appears to be a law or act of Parliament in the United Kingdom. *See Brady v. Wks. Med. Ctr.*, No. 19-CV-00655-SM, 2019 WL 6529870, at *2 (D.N.H. Nov. 12, 2019)("A law in effect in the United Kingdom bears that title.")(citing Human Rights Act 1998, ch. 42, http://www.legislation.gov.uk/ukpga/1998/42/contents), *report and recommendation approved*, No. 19-CV-655-SM, 2019 WL 6529459 (D.N.H. Dec. 4, 2019)*; Simpson v. Dauphin Cty. Hous. Auth.*, No. 1:16-CV-01747, 2017 WL 2375702, at *2, n. 4 (M.D. Pa. Apr. 26, 2017) ("Simpson also references a 'Human Rights

---

[2]Dkt. no. 11-4 is a letter from Maureen Kielt, Director fo the EEOC Buffalo Local Office to plaintiff in the matter of *Walker v. CIBC* confirming that plaintiff indicated that her "last date of harmed occurred on March 24, 2009, when [she] was terminated," thus making her EEOC administrative claim against CIBC untimely.  Dkt. No. 11-4 at 1.

[3]In the Prayer for Relief, plaintiff requests the Court to grant the following relief:

1.  The plaintiff do not [sic] want to be a party to the religious killing business of Myrna Suzette Walker; her five children; and CIBC First Caribbean Jamaica staff, Allison Carolyn Rattray and her husband Judge Barrington Andrew Rattray, Supreme Court of Jamaica;

2. The plaintiff do not [sic] want cocaine nor any thing to ingest from anyone, by force or otherwise.

3. The plaintiff wants full restitution socially, physically, professionally.

Dkt. 11, at 5 (emphasis in original).

Act of 1998,' which as best we can tell refers to an Act of Parliament of the United
Kingdom, not applicable in this jurisdiction."), *report and recommendation adopted*, No.
1:16-CV-1747, 2017 WL 2362510 (M.D. Pa. May 31, 2017).  The Human Rights Act of
1998 does not provide plaintiff with a viable cause of actions against the defendant for any
events occurring in the Northern District of New York over which this Court would have
jurisdiction. *See Brady*, 2019 WL 6529870, at *2.

The Third Cause of Action is confusing but appears to be a claim seeking unpaid
wages.  *See* dkt. no. 11 at 4 (stating at the start of Third Cause of Action: "The right to my
paycheck.").  Plaintiff asserts that her aunt Myrna Suzette Walker "assisted by CIBC First
Caribbean staff Allison Carolyn Rattray has been falsely selling me as a whore in lieu of
my current income(s) from JC Penney, Aerotek, Walmart, Fidelis Care and more."
However, Myrna Suzette Walker, Allison Carolyn Rattray, JC Penney, Aerotek, Walmart,
or Fidelis Care are not defendants in this action.  Further, plaintiff does not assert when it
was that she worked at JC Penney, Aerotek, Walmart, or Fidelis Care, or when or where it
was that Myrna Suzette Walker and Allison Carolyn Rattray purportedly took actions
preventing plaintiff from receiving her wages from these employers.  The claim in this
regard fails to assert a viable cause of action under Title VII.  In addition, in nearly
incomprehensible fashion plaintiff ends the Third Cause of Action by asserting: "The rapes
of me by co-workers is [sic] recorded and published.  Walmart staff a [sic] man named
Donnell she [sic] gave permission to live in my apartment as well as Fidelis Care Health
Insurance staff- Rashid Rardon."  These allegations fail to provide a sufficient basis for the
Court to discern any viable cause of action under Title VII or any other law or statute over
which the Court would have jurisdiction.

Accordingly, for the reasons set forth above plaintiff's amended complaint will be dismissed. Because the allegations in the amended complaint are factually frivolous, and because plaintiff filed an amended complaint that did not cure the pleading defects pointed out by Judge Hummel, dismissal will be with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as any leave to amend would be futile.

## III.    CONCLUSION

For the reasons discussed above, the Court **ACCEPTS AND ADOPTS** Judge Hummel's recommendations in the April 13, 2021 Report-Recommendation & Order, dkt. no. 10.  Thus, it is hereby

**ORDERED** that plaintiff's complaint (dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED** that plaintiff's "Emergency Motion for the Death Penalty" (dkt. no. 5) is **DENIED and DISMISSED**; and it is further

**ORDERED** that plaintiff's letter motion to file exhibits under seal (dkt. no. 8) is **DENIED and DISMISSED as moot**.

Based on the Court's review of the amended complaint, it is hereby

**ORDERED** that plaintiff's amended complaint (dkt. No. 11) is **DISMISSED with prejudice**.

The Clerk of the Court may mark this file as closed.

**IT IS SO ORDERED.**

Dated: July 29, 2021

Thomas J. McAvoy
Senior, U.S. District Judge